# EXHIBIT A

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF QUEENS<br>-----------------------------------------------------------------X | Index No.:<br>Date Purchased: |
| TERESA ANSLEY, | **SUMMONS** |
| Plaintiff, | Plaintiff designates QUEENS<br>County as the place of trial. |
| -against- | |
| STAPLES, INC., | The basis of venue is:<br>Plaintiff's residence. |
| Defendant.<br>-----------------------------------------------------------------X | Plaintiff resides at:<br>141-11 116th Avenue<br>Jamaica, New York 11436<br>County of Queens |

**To the above-named Defendant:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service, where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        September 22, 2020



Ronny Solomon, Esq.
LAW OFFICES OF
MICHAEL S. LAMONSOFF, PLLC
Attorneys for Plaintiff
Financial Square at 32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020
Our File No.: 29840

To:
STAPLES, INC.
c/o CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
TERESA ANSLEY,

        Plaintiff,

-against-

STAPLES, INC.,

        Defendant.
------------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff **TERESA ANSLEY**, by her attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, complaining of Defendant **STAPLES, INC.**, respectfully alleges, upon information and belief:

1. That at all times hereinafter mentioned, Plaintiff **TERESA ANSLEY** was, and still is, a resident of the County of Queens, State of New York.

2. That at all times hereinafter mentioned, Defendant **STAPLES, INC.**, was, and still is, a foreign corporation duly organized and existing under, and by virtue, of the laws of the State of Delaware.

3. That at all times hereinafter mentioned, Defendant **STAPLES, INC.** was, and still is, a foreign corporation duly authorized to do business in the State of New York.

4. That at all times hereinafter mentioned, Defendant **STAPLES, INC.** was, and still is, a domestic corporation organized and existing under, and by virtue, of the laws of the State of New York.

5. That at all times hereinafter mentioned, Defendant **STAPLES, INC.** was, and still is, duly authorized to transact business in the County of Queens, State of New York.

6. That at all times hereinafter mentioned, Defendant **STAPLES, INC.** maintained an office for the transaction of business in the County of Queens, State of New York.

7. That at all times relevant, Defendant **STAPLES, INC.** owned the premises located at 91-30 Van Wyck Expressway, Jamaica, New York 11418.

8. That at all times relevant, Defendant **STAPLES, INC.** leased the aforementioned premises.

9. That at all times relevant, Defendant **STAPLES, INC.** maintained the aforementioned premises.

10. That at all times relevant, Defendant **STAPLES, INC.** controlled the aforementioned premises.

11. That at all times relevant, Defendant **STAPLES, INC.** managed the aforementioned premises.

12. That at all times relevant, Defendant **STAPLES, INC.** operated the aforementioned premises.

13. That at At all times relevant, Defendant **STAPLES, INC.** occupied the aforementioned premises.

14. That at all times relevant, Defendant **STAPLES, INC.** repaired the aforementioned premises.

15. That at all times herein mentioned, it was the duty and obligation of Defendant **STAPLES, INC.**, its agents, servants, and/or employees to keep and maintain the aforementioned premises in a safe, proper, and good condition so that the premises would not be dangerous to persons lawfully on said premises, and to not permit said premises to become unsafe and dangerous to patrons and/or customers.

16. That at all times herein mentioned, Defendant **STAPLES, INC.**, its agents, servants, and/or employees negligently and carelessly maintained, controlled, and/or operated the

aforementioned premises in such a haphazard, negligent manner as to cause the same to become and remain in an unsafe, improper, and dangerous condition, as well as a negligent and improper condition of which Defendant **STAPLES, INC.** had due notice, or by the use of reasonable care and inspection therein, might and should have had due notice.

17. That on April 18, 2020, Plaintiff **TERESA ANSLEY** was lawfully on the aforementioned premises.

18. That on April 18, 2020, while Plaintiff **TERESA ANSLEY** was lawfully on the aforementioned premises and, while walking down an aisle, was caused to trip and be violently precipitated to the floor by a box that was on the floor.

19. That, as a result of the foregoing, Plaintiff **TERESA ANSLEY** was caused to be injured.

20. That the said accident and resulting injuries to Plaintiff **TERESA ANSLEY** was caused solely and wholly by reason of carelessness, recklessness, and negligence of Defendant **STAPLES, INC.**, its agents, servants, and/or employees, without any negligence of Plaintiff **TERESA ANSLEY** contributing thereto.

21. That by reason of the negligent actions of Defendant **STAPLES, INC.**, Plaintiff **TERESA ANSLEY** was severely injured, bruised and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame, and disabled and so remained for a considerable length of time.

22. That the said accident and resulting injuries to Plaintiff **TERESA ANSLEY** was caused solely and wholly by reason of carelessness, recklessness, and negligence of Defendant **STAPLES, INC.**, its agents, servants, and/or employees in failing to provide a safe premises for patrons and/or customers; in failing and omitting to inspect said premises; in causing, allowing,

and permitting obstructions to be, become, and remain on the floors; in failing to place barricades, signs, or other warnings of the dangerous condition, in causing the dangerous condition; in creating the hazardous, unsafe condition; in failing to warn Plaintiff **TERESA ANSLEY** and others lawfully on the premises of the dangerous and hazardous condition; in creating a hazard; in failing to take the proper precautions which would have prevented this accident or minimize the consequences thereof; in failing to take notice of the unsafe condition in a timely manner; in failing to warn those persons lawfully on the premises of the unsafe condition; and in failing to take proper precautions which would have prevented this accident or minimize the consequences thereof.

23. That by reason of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff **TERESA ANSLEY** demands judgment against Defendant **STAPLES, INC.** in an amount exceeding the jurisdictional limits of all lowers courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
      September 22, 2020

_____
Ronny Solomon, Esq.
LAW OFFICES OF
MICHAEL S. LAMONSOFF, PLLC
Attorneys for Plaintiff
Financial Square at 32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020
Our File No.: 29840

## ATTORNEY'S VERIFICATION

Ronny Solomon, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true, under penalty of perjury: I am an attorney at **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, attorneys of record for Plaintiff **TERESA ANSLEY**. I have read the annexed **SUMMONS AND COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff does not reside and is not presently in the county wherein I maintain my offices.

Dated: New York, New York
      September 22, 2020

_____
Ronny Solomon, Esq.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

TERESA ANSLEY,

           Plaintiff,

-against-

STAPLES, INC.,

           Defendant.

---

### SUMMONS and VERIFIED COMPLAINT

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiff*
**Financial Square at 32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020**

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

                                      _____
                                      Ronny Solomon, Esq.